The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COVERYS SPECIALTY INSURANCE COMPANY

## DEFENDANTS
SIROTA & ASSOCIATES, P.C. and DANIEL ESTRIN

**(b)** County of Residence of First Listed Plaintiff: Boston
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Kings
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DORF & NELSON LLP, 555 Theodore Fremd Avenue
Rye, New York 10580, (914) 381-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ]  No [✓]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

*PRISONER PETITIONS*

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 (Diversity of Citizenship)

Brief description of cause:
Insurance coverage action - matter in controversy exceedis the sum of $75,000, exclusive of interest, attorneys' fees and costs.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: November 3, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☐ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☐ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain     ☐ No

I certify the accuracy of all information provided above.

**Signature**: _____

Last Modified: 11/27/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
COVERYS SPECIALTY INSURANCE COMPANY,

                            Plaintiff,

    - against -

SIROTA & ASSOCIATES, P.C. and DANIEL ESTRIN,

                            Defendants.
------------------------------------------------------------------------

**COMPLAINT**

Case No.:

       Plaintiff Coverys Specialty Insurance Company ("CSIC"), by its attorneys, Dorf & Nelson, LLP, as and for its Complaint against defendants Sirota & Associates, P.C. and Daniel Estrin ("Estrin"), alleges as follows:

1. This is an action which seeks a judgment pursuant to 28 U.S.C. § 2201 to rescind a lawyer's professional liability claims-made insurance policy issued by plaintiff to defendant Sirota & Associates, P.C. ("S&A"), and/or for a judgment declaring that CSIC has no duty to provide coverage to defendant Estrin for a civil lawsuit pending in Supreme Court, New York County, captioned <u>Pavel Labusov and Alina Labusova v. Michael Bachner</u>, Index No. 650524/2020, which includes a second third-party action entitled <u>Michael Bachner v. Seiden Law Group LLP, Michael Cilento and Daniel Estrin</u> (the "Labusov Action").

## PARTIES

2. CSIC is a corporation organized and existing under the laws of the State of New Jersey, and has its principal place of business in the State of Massachusetts.

3. Upon information and belief, Estrin is a domiciliary and citizen of the State of New York and is a principal of S&A. Estrin's principle place of business is located in New York, New York.

4. Upon information and belief, S&A is a professional corporation organized and existing under the laws of the State of New York with its principal place of business located in Brooklyn, New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction by virtue of 28 U.S.C. § 1332(a)(1), because no Plaintiff is a citizen of the same state as a Defendant and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6. Venue is properly placed by virtue of 28 U.S.C. § 1391(b)(1).

## FACTS

7. On or about September 20, 2021, Vladislav Sirota, of S&A, executed and delivered to CSIC, by and through its agent First Indemnity Insurance Agency Inc. for delivery to CSIC, an application for a lawyer's professional liability claims-made insurance policy (the "Application").

8. Thereafter, in reliance on the representations contained in the Application, CSIC issued a lawyer's professional liability claims-made insurance policy to S&A, bearing Policy No. CSIC- LPL0000260-00, for the policy period November 1, 2021 to November 1, 2022, subject to the terms, provisions and conditions therein, including limits of liability of $5,000,000 for each claim and $5,000,000 in the aggregate (the "Policy").

9. In the Application, S&A answered "yes" to the following question:

    8. After inquiry, are any attorneys in your firm aware:

        ***

        a. of any professional liability claims made against them in the past five years?

10. The Application identified one (1) prior action brought by Georgy Karasev in the United States District Court for the Southern District of Florida, <u>Karasev v. Mr. Mart USA, LLC, et al.</u>, Docket No. 17-cv-81062-BB ("Karasev Action").

11. S&A's answer to question 8 in the Application was false because two (2) additional actions asserting professional liability claims against S&A or attorneys in the firm had been brought within the previous five years were not disclosed: (i) <u>FGP 1 LLC and Serhii Yefimtsev v. Luiza Dubrovski, M Investment Capital LLC, Mark Shvartsburd, Natalia Pirogova, Vladislav Sirota and Jonathan S. Stewart</u>, Supreme Court, New York County, Index No. 650479/2016 (the "FGP Action"), filed January 29, 2016; and (ii) <u>Ilya Melnichenko, Olga Milintenkova and Evgeny Tarasov v. Mr. Mart, USA, LLC, Palmetto Gas Company, LLC, Palmetto 511, LLC, Forest Hills Gas Company #502, LLC, Frank Gutta, Ali Jaferi and Abbas M. Jaferi v. Mona Shah, Esq., Mona Shah PC, Vladislav Sirota, Sirota & Associates, P.C., Nadim Ahmed, Edwin Shaw, LLC and Daniel C. Estrin, Esq.</u>, U.S. District Court, Southern District of New York, Docket No. 17-cv-4021-NRB (the "Melnichenko Action"), filed May 29, 2017.

12. Although the FGP Action was initially filed on January 29, 2016, Vladislav Sirota of S&A was not named as a party at that time, but was added as a party to the action by means of a Supplemental Summons and Amended Complaint filed March 25, 2019, prior to the date of the Application.

3

13. The FGP Action involved several complicated real estate transactions and sought damages of millions of dollars; the Melnichenko Action involved an alleged immigration fraud scam and also sought damages of millions of dollars.

14. Upon information and belief, S&A was aware of the FGP and Melnichenko Actions at the time S&A executed and delivered the Application.

15. The Application contained the following Representation:

> I/We affirm that the information contained here and in any supplemental application or addendum is true to the best of my/our knowledge and that it shall be the basis of the policy of insurance and deemed incorporated therein, should the Company evidence its acceptance of this application by issuance of a policy.

16. The Representation quoted in paragraph 15 of this Complaint was false because, upon information and belief, at the time it executed and delivered the Application, S&A was aware that its answer to question 8 in the Application (quoted above in paragraph 9 of this Complaint) was false.

17. As part of the Application, S&A also submitted a warranty letter to CSIC dated September 27, 2021, which stated as follows:

> I am not aware of any claims, potential claims, disciplinary matters, investigations, or circumstances that may give rise to a claim. I/we have specifically asked all lawyers and employees if they have any knowledge of any claims, potential claims, disciplinary matter, investigation or circumstance that may give rise to a claim that is not listed in our application dated 09/20/21.  All lawyers and employees have answered no.

18. The statement in the warranty letter (quoted in paragraph 17 of this Complaint) was false because, upon information and belief, at the time it submitted the warranty letter, S&A was aware of the claims asserted in the FGP and Melnichenko Actions.

19. Section VI of the policy, entitled "Conditions" provides in pertinent part as follows:

    **J.    ENTIRE AGREEMENT**

        By acceptance of this POLICY, all INSUREDS reaffirm as of the effective date of this POLICY that:

        1.    The statements in the APPLICATION, attached hereto and made a part hereof, are all INSUREDS' agreements and representations;

        2.    This POLICY is issued in reliance upon the truth and accuracy of such representations; and

        3.    This POLICY includes all agreements between all INSUREDS and the Company relating to this insurance.

    **K.    APPLICATION REPRESENTATIONS**

        The INSUREDS represent that the statement and representations contained in the APPLICATION are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Company under this POLICY. The signatory on the APPLICATION is signing and acting on behalf of all INSUREDS. This POLICY is issued in reliance upon the truth of such statements and representations. The INSUREDS agree that such statements and representations are material and if found to be untrue, this POLICY shall be void.

20. The Conditions quoted in paragraph 19 of this Complaint were breached by S&A because, upon information and belief, at the time it executed and delivered Application, including the warranty letter quoted above, S&A was aware of the FGP and Melnichenko Actions and that its answer to question 8 in the Application (quoted above in paragraph 9 of this Complaint) was false.

21. S&A's misrepresentation that no professional liability claims other than in the Karasev Action had been made against S&A within the preceding five years and non-disclosure of the FGP and Melnichenko Actions were material to CSIC because they affected the risk assumed by CSIC in issuing the Policy

22. S&A's misrepresentation that no professional liability claims other than in the Karasev Action had been made against S&A within the preceding five years and non-disclosure of the FGP and Melnichenko Actions were material to CSIC because they affected the premium charged for the Policy.

23. CSIC would not have issued the Policy at all, or under the terms therein provided, or at the premium charged therefor, if it had known of the FGP and Melnichenko Actions or that S&A's representations and omissions regarding previous claims of professional liability were false.

24. S&A's non-disclosure of the FGP and Melnichenko Actions and its false representation that no professional liability claims other than those asserted in the Karasev Action had been made against S&A within the preceding five years breached the Conditions set forth in Section VI of the Policy.

## THE LAWSUIT AGAINST ESTRIN

25. On or about August 3, 2022, during the claims-made period of the Policy, CSIC received notice on behalf of S&A concerning the Labusov Action.

26. The Complaint in the Labusov Action seeks, *inter alia*, damages in the amount of approximately $444,027.26 plus interest and costs.

27. In the second third party Complaint in the Labusov Action, the Defendant therein seeks indemnification and contribution from Third Party Defendant Estrin for the amount that may ultimately recovered against Defendant.

28. Third Party Defendant Estrin made a claim against the Policy seeking defense and indemnification from CSIC with regard to the second third party action.

29. Under a reservation of rights dated August 23, 2022, CSIC assigned counsel to represent Estrin in the Labusov Action.

30. After CSIC was notified of the Labusov Action, it learned that two additional actions in which professional liability claims were made against S&A within five years prior to the Application namely, the FGP Action and the Melnichenko Action, had not been disclosed.

### FIRST CLAIM FOR RELIEF

31. CSIC repeats and realleges each and every allegation contained in paragraphs 1 through 30 above with the same force and effect as if each were set forth fully below.

32. As a result of S&A's material misrepresentations and non-disclosure in the Application, and its breach of the Conditions set forth in Section VI of the Policy, CSIC is entitled to a judgment pursuant to 28 U.S.C. § 2201 rescinding the Policy.

33. Upon rescission of the Policy, CSIC will return the premium paid therefor, with interest if necessary.

34. CSIC has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

35. CSIC repeats and realleges each and every allegation contained in paragraphs 1 through 34 above with the same force and effect as if each were set forth fully herein.

36. As a result of S&A's material misrepresentations and non-disclosure in the Application and its breach of the Conditions set forth in Section VI of the Policy, CSIC is entitled to a judgment declaring that it has no obligation to provide coverage to S&A and/or Estrin for any claims asserted under the Policy, including, but not limited to, the Labusov Action.

37. CSIC has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

38. CSIC repeats and realleges each and every allegation contained in paragraphs 1 through 37 above with the same force and effect as if each were set forth fully herein.

39. Upon rescission of the Policy, CSIC is entitled to the return or reimbursement of all sums paid by it or which may be paid by it in providing a defense to the Labusov Action and/or in providing any indemnity in the Labusov Action, with interest.

WHEREFORE, CSIC demands judgment:

1. On the First Claim, a judgment pursuant to 28 U.S.C. § 2201 rescinding the Policy and declaring same null and void *ab initio*;

2. On the Second Claim, declaring that CSIC has no obligation to provide coverage to S&A and/or Estrin for any claims asserted against them under the Policy, including but not limited to the Labusov Action;

3. On the Third Claim, for judgment against S&A and Estrin, jointly and severally, in amount to be determined at trial;

4. Granting CSIC its costs and disbursements herein; and

5. Awarding such other, further or different relief as this Court deems just and proper.

Dated:  Rye, New York
        November 3, 2022

                                        DORF & NELSON LLP

                                        By:_____
                                        Jonathan B. Nelson (JN 8705)
                                        Linda Alster-Nelson (LA 5480)
                                        *Attorneys for Plaintiff*
                                        555 Theodore Fremd Avenue
                                        Rye, New York 10580
                                        Phone:  (914) 381-7600

8